UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY WHITNEY,
    Plaintiff,

    v.                                                   CIVIL ACTION NO. 14-40066-LTS

THE TJX COMPANIES, INC.
and ADRIENNE SANTOS,
    Defendants.

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS (#15)

KELLEY, U.S.M.J.

Defendants filed a Motion to Dismiss plaintiff's complaint (#15) and plaintiff responded by asking for leave to file an amended complaint (#19). For the reasons set forth below, I allowed plaintiff to file an amended complaint, and now recommend that the defendants' Motion to Dismiss be denied.

I. **Facts**

Plaintiff, a former employee of NBC Operating, LP[1], filed a complaint on May

---

[1] The original complaint was brought against "The TJX Companies, Inc. and Adrienne Santos." In their Motion to Dismiss the defendants stated that the correct name of the company was "NBC Operating, LP." (#15) Plaintiff moved in his Motion to Amend to name "NBC Operating, LP" as the corporate defendant. (#19 at 1) This motion was allowed. (#31) As a rule, when a plaintiff misnames a corporate party, or names a related organization rather than the proper one, courts allow the plaintiff to amend the complaint to name the proper party unless it would result in prejudice to that party. *See Roberts v. Michaels*, 219 F.3d 775, 777-78 (8th Cir. 2000) (citing, *inter*

15, 2014, charging his former employer and supervisor with gender discrimination, harassment, and retaliation.[2] He alleged that while he was an employee with the company as an associate planner, his supervisor, Adrienne Santos, harassed him "based upon his sex/gender" by telling him "he did not want to work" there, he should "just quit," and he should be a "personal trainer," "suggesting that the Plaintiff, as a male, did not belong working in the fashion business" and "that the Plaintiff would be better suited to pursue a career that was male appropriate such as a personal trainer." Ms. Santos put the plaintiff on a "two-month performance improvement plan for no good reason." (#1 at 1-2)

The complaint further alleged that when the plaintiff reported the "discriminatory and harassing behavior" to the human resources department, his supervisor's actions "only became more aggressive in nature." (*Id*. at 2) Because of the "discriminatory and harassing behavior" of the supervisor and the company's

---

*alia*, *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1301-02 (2d Cir.), *cert. denied*, 498 U.S. 854 (1990); *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1146-47 (5th Cir.1970); *Travelers Indem. Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir.1967); *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873-74 (4th Cir. 1947)). Defendants do not complain of prejudice here.

[2] Specifically, the complaint alleged gender discrimination, harassment, and retaliation under Title VII of the 1964 Civil Rights Act against the employer (Counts I, II, III), the same charges under Title VII against plaintiff's supervisor, (Counts VII, VIII, IX), gender discrimination, harassment, and retaliation against the employer under Mass. Gen. L. c. 151B (Counts IV, V, VI), and the same charges against the supervisor (Counts X, XI, and XII). (#1)

failure to stop it, plaintiff was forced to resign and was "constructively discharged." (*Id.*)

Defendants moved under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint with prejudice on the grounds that it failed to state a claim upon which relief can be granted, as it did not contain sufficiently specific allegations to satisfy Fed. R. Civ. P. 8(a)(2) and the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). (#15 at 1)  Defendants further correctly asserted that plaintiff's claims against defendant Santos under Title VII fail because one cannot sue an individual under Title VII. (*Id.*)  *See Fantini v. Salem State College*, 557 F.3d 22, 30 (1st Cir. 2009) (no individual employee liability under Title VII); *Roman-Oliveras v. Puerto Rico Elec. Power Authority*, 655 F.3d 43, 51 (1st Cir. 2011).

Plaintiff filed an Opposition to the motion to dismiss (#18) and moved for leave to file an amended complaint. (#19)  The proposed amended complaint (#20-1) does not include the Title VII claims against Ms. Santos but restates the Title VII allegations against the employer and the Mass. Gen. L. c. 151B allegations against both the employer and Ms. Santos. (*Id.*)  The Court allowed the motion for leave to amend. (#31)

Obviously, there are differences between the original complaint and the

amended complaint.  For example, the original complaint alleges that the harassment and discrimination began in March, 2013 (#1 at 2), while the amended complaint states that the alleged harassment began "in or about September of 2012" (#20-1 at 2).  The original complaint charges that Ms. Santos allegedly made certain comments to plaintiff, as stated above; the amended complaint adds that Ms. Santos allegedly said that plaintiff was not "girly enough," that he needed to be "more of a cheerleader," and complained that male employees could not have "girl chat" with her.  (#20-1 at 2)  The amended complaint contains many other facts that are not in the original complaint that essentially "beef up" the original charges.[3]

Defendants filed a Reply, arguing: Plaintiff cannot oppose dismissal by relying on the contents of an amended pleading that is not the operative pleading and not

---

[3] Allegations in the amended complaint that are not in the original include the following: that Ms. Santos excluded plaintiff from "essential meetings," and when he did attend meetings, would say "what's he doing here?" which was offensive and affected plaintiff's ability to do his job; that he was harassed by being "micromanage[d]" by Ms. Santos, as were other male employees; and that he was not given "necessary feedback" as female employees were, which impeded his ability "to perform his essential job responsibilities." (#20-1 at 2-3)  Plaintiff alleges that he had complained of sexual harassment by a coworker who was friends with his supervisor, and management put this person "back in the same vicinity" where plaintiff worked. (*Id*. at 3)  He was denied a promotion in January of 2013 and less qualified, female coworkers "would routinely get promoted."  Whitney began "a focus group" for male employees at the request of a vice president of the company, who was "concerned that the retention rate for male employees was significantly decreasing," and when he reported to management that many of the male employees who were voluntarily leaving the company believed they "were being unfairly pushed out of their employment by female managers for no good reason," the harassment by his supervisor "continued to the point where the Plaintiff was forced to resign." (*Id*.)  Ms. Santos would "frequently encourage the Plaintiff to terminate male employees, and she would ask the Plaintiff if he needed advice on how to get them to quit." (*Id*. at 4)

properly before the Court; plaintiff's amendment was untimely; plaintiff improperly included facts in the amended complaint which were not in the Charge to the Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD"); and the amended complaint in any event is "futile" because it "fails to state a viable claim." (#24)

## II. **Legal Argument**

### A. Plaintiff was entitled to amend the complaint and did so on time

Notwithstanding defendants' creative argument that plaintiff is prohibited from opposing dismissal by relying on an amended pleading "that is not the operative pleading [and not] properly before the Court," (#24 at 1), Rule 15(a) of the Rules of Federal Procedure permits plaintiff to do just that. According to Rule 15(a), a party may amend his complaint "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B); *see* 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.12 (3d ed. 2014) (recognizing that a motion to dismiss under Rule 12(b)(6), for failure to state a claim, triggers the 21-day period); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1483 (2010 & 2014 Supp.) (same). Plaintiff filed his original complaint on May 15, 2014. Defendants responded on July 18, 2014, when they filed a motion to

dismiss under Rule 12(b)(6). On July 31, 2014, well within the 21-day period imposed by Rule 15(a)(1)(B), plaintiff sought leave to file a first amended complaint. Under the Rule, then, plaintiff is allowed to amend his complaint "as a matter of course." Fed. R. Civ. P. 15(a)(1)(B).

Further, in the amended complaint, plaintiff is free to make factual allegations not raised in his original complaint. Perhaps because this is such an obvious fact, there is little law directly on point. "Courts will allow a defective complaint to be corrected by adding further grounds to flesh out a claim which will meet requisite standards." *Fenner v. Ellerthorpe*, 1991 WL 58047, at *3 (D.R.I. Apr. 3, 1991); *see Spear v. Somers Sanitation Serv., Inc.*, 162 F.R.D. 1, 2 (D. Mass. 1995) (Neiman, J) (permitting an amendment that did not "add new theories of liability," but "help[ed] to] clarify the specific claims which are being made"); *see also Puerto Rico College of Dental Surgeons v. Triple S Management Inc.*, 2013 WL 4806454, at *1-2 (D. Puerto Rico Sept. 6, 2013) (allowing an amendment "to cure deficiencies pertaining to" existing claims).

Plaintiff thus did not need to ask for leave to amend, as he did. (#19) Even if he did not have the right to amend, however, the Court would grant him leave under the liberal standard of Rule 15(a), because there is no evidence that he acted in bad faith or for the purpose of delay; this is his first amendment; defendants are not

prejudiced by the amendment; and, as explained below, the amendment is not futile. *See U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962) (reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment)).

### B. The Amended Complaint is Within the Scope of the EEOC's and MCAD's Investigation

Title VII requires that before filing a civil suit, the complainant must first file an administrative charge with the EEOC.  42 U.S.C. § 2000e-5(e)(1).  "However, Title VII does not say explicitly that the court suit must be limited to just what was alleged in the agency complaint." *Clockedile v. New Hampshire Dept. of Corrections*, 245 F.3d 1, 4 (1st Cir. 2001).  As the First Circuit has reiterated,

> [a]n administrative charge is not a blueprint for the litigation to follow. See *EEOC v. General Electric Co.*, 532 F.2d 359, 364 (4th Cir.1976) (quoting *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir.1975)) ("The charge is not to be treated as a common-law pleading that strictly cabins the investigation that results therefrom, or the reasonable cause determination that may be rested on that investigation. The charge merely provides the EEOC with 'a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices.'"). See also *Graniteville Co. v. EEOC*, 438 F.2d 32, 38 (4th Cir.1971) (purpose of charge is to initiate EEOC investigation, "not to state sufficient facts to make out a

> prima facie case"); *Sanchez* [*v. Standard Brands, Inc.*], 431 F.2d [455,] 465 [(5th Cir. 1970)]("[T]he purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC."). Thus, 'the exact wording of the charge of discrimination need not "presage with literary exactitude the judicial pleadings which may follow."' *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir.1971) (quoting *Sanchez*, 431 F.2d at 466). Rather, the critical question is whether the claims set forth in the civil complaint come within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' *Sanchez*, 431 F.2d at 466; *Babrocky* [*v. Jewel Food Co.*], 773 F.2d [857,] 863 [(7th Cir. 1985)] *Miller* [*v. International Telephone and Telegraph Corp.*,] 755 F.2d [20,] 23–24 [(2d Cir. 1985)]; *Less* [*v. Nestle Co., Inc.*], 705 F. Supp. [110,] 112 [(W.D.N.Y. 1988)].

*Fantini,* 557 F.3d at 27 (quoting *Powers v. Grinnell Corp.*, 915 F.2d 34, 38–39 (1st Cir.1990)).

The Charge of Discrimination filed with the MCAD and EEOC , which is substantially the same as the original complaint filed in this case (#1), alleges that Ms. Santos harassed plaintiff based upon his gender; that she made comments to him telling him he did not want to work at the company, that he should quit his job, and that he should be a personal trainer, "implying that [plaintiff], as male, did not belong working in the fashion business such as the Respondent Company and that [he] would be better suited to pursue a career that was male appropriate," and that she put him on a two-month performance improvement plan. The Charge further alleges that plaintiff

8

reported the "discriminatory and harassing behavior" to the human resources department and that Ms. Santos' behavior became more aggressive after that, and because of the discriminatory behavior and the company's failure to stop it, plaintiff's employment ended. (#24-1, Charge of Discrimination)

The amended complaint is within the scope of the EEOC investigation. *Powers*, 915 F.2d at 34. The Charge is admittedly bare-bones, but articulates a complaint that plaintiff suffered harassment based on his gender that created an abusive work environment and that his employer was made aware of it and did not respond appropriately. This established a basis for the later suit alleging sex/gender discrimination. *See Wilson v. Moulison North Corp.,* 639 F.3d 1, 6-7 (1st Cir. 2011); *Crowley v. L. L. Bean, Inc.*, 303 F.3d 387, 395 (1st Cir. 2002) (listing factors needed to make out claim of gender discrimination based on hostile work environment theory). Further, the Charge alleges that when plaintiff reported the conduct to his employer, it became worse, resulting in termination of his employment, setting the stage for a retaliation claim. *See Lockridge v. Univ. of Maine System*, 597 F.3d 464, 472 (1st Cir. 2010) (factors establishing claim of retaliation).

### C. The Amended Complaint is not Futile

Title VII of the Civil Rights Act of 1964 prohibits employers from

discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To prove a claim of hostile work environment sexual harassment, the plaintiff must demonstrate:

> (1) that [he] is a member of a protected class; (2) that [he] was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established.

*Crowley*, 303 F.3d at 395.

Application of the hostile work environment test requires an assessment of the totality of the circumstances, including how frequent and severe the discriminatory conduct was, whether it was physically threatening or humiliating, or merely offensive, and whether it unreasonably interfered with an employee's work performance. "'Evidence of sexual remarks, innuendoes, ridicule, and intimidation may be sufficient to support a jury verdict for a hostile work environment.'" *Valentin-Almeyda v.*

*Municipality Of Aguadilla*, 447 F.3d 85, 94 (1st Cir. 2006) (quoting *O'Rourke v. City of Providence*, 235 F.3d 713, 729 (2001)).

Retaliation, yet another basis for liability under Title VII, is discrimination against an employee because the employee has opposed an unlawful practice and was subjected to an adverse employment action. A retaliation claim requires a showing that (1) the plaintiff engaged in protected conduct; (2) he was subjected to an adverse employment action; and (3) there was a causal connection between the first and second elements. *Noviello v. City of Boston,* 398 F.3d 76, 88 (1st Cir. 2005). Protected conduct includes complaining to one's supervisors. *Benoit v. Technical Mfg. Corp.,* 331 F.3d 166, 175 (1st Cir. 2003); *see Valentin-Almeyda*, 447 F.3d at 94-95.

The plaintiff easily meets the standard for avoiding dismissal of the amended complaint under Fed. R. Civ. P. 12(b)(6). As the First Circuit held in *Gargano v. Liberty Intern. Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009): "The general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." This short and plain statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Thomas v. Rhode*

*Island,* 542 F.3d 944, 948 (1st Cir. 2008). "To survive a motion to dismiss, the complaint must allege 'a plausible entitlement to relief.' " *Fitzgerald v. Harris,* 549 F.3d 46, 52 (1st Cir. 2008) (quoting *Twombly,* 550 U.S. at 559); *see also Iqbal,* 556 U.S. at 676-680 (discussing the plausibility standard).

Plaintiff's claims, set out above in part I, allege a "plausible entitlement to relief." *Fitzgerald,* 549 at 52. Therefore, I RECOMMEND that the Defendants' Motion to Dismiss (#15) be DENIED.

### III. **Review By District Judge**

The parties are hereby advised that any party who objects to this recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d

603(1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge

September 19, 2014.